# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOMINO'S PIZZA** | : | **CIVIL ACTION NO. 1:09-CV-0661** |
| **FRANCHISING LLC and** | : | |
| **DOMINO'S IP HOLDER LLC,** | : | **(Judge Conner)** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MAKING THE DOUGH, INC. and** | : | |
| **WAYNE C. CRECELIUS,** | : | |
| | : | |
| **Defendants** | : | |

## <u>TEMPORARY RESTRAINING ORDER</u>

AND NOW, this 15th day of April, 2009, at 10:20 a.m., upon consideration of

plaintiffs' motion for a temporary restraining order (Doc. 2) to enjoin defendants

Making the Dough, Inc. ("MTD") and its sole shareholder, defendant Wayne C.

Crecelius ("Crecelius"),[1,2] from utilizing plaintiffs' trademarks and from operating

pizza delivery restaurants at two locations where defendants formerly maintained

Domino's Pizza franchises (hereinafter "the MTD franchises"), and it appearing

that plaintiffs advance claims under §§ 32 and 45(a) of the Lanham Act, 15 U.S.C.

---

[1]To obtain temporary injunctive relief, plaintiffs must establish that (1) there is a reasonable probability of success on the merits, (2) irreparable injury will result without injunctive relief, (3) granting the injunction will avoid a comparably greater injury than denying it, and (4) the injunction is in the public interest. <u>See</u> <u>BP Chems., Ltd. v. Formosa Chem. & Fibre Corp.</u>, 229 F.3d 254, 263 (3d Cir. 2000).

[2]The court held a hearing on the motion on April 14, 2009. Both defendants received notice of the hearing via personal service effectuated upon Crecelius on April 10, 2009. (<u>See</u> Doc. 10.) Crecelius appeared through counsel, and the hearing was held *ex parte* with respect to MTD.

§§ 1114, 1125(a), and for breach of covenants not to compete, which prohibit defendants from operating a pizza delivery or carry-out business for a period of one year within a ten-mile radius of the sites of the MTD franchises, (see Doc. 1, Ex. C ¶ 20.2; Doc. 1, Ex. J ¶ 20.2), and it further appearing that a claim under § 32 requires plaintiffs to demonstrate that (1) their marks are valid and legally protectable, (2) they own the marks, and (3) "defendant[s'] use of the mark[s] is likely to create confusion concerning the origin of goods or services," E.T. Brown Drug Co. v. Cococare Prods., Inc., 538 F.3d 185, 191 (3d Cir. 2008), and that an action under § 45(a) requires plaintiffs to prove that (1) defendants made false or misleading statements about a product, (2) the product traveled in interstate commerce, (3) the statements actually deceived or are likely to deceive consumers, (4) the deception will likely influence consumers' purchasing decisions, and (5) the deception will likely produce harm to plaintiffs' goodwill, see GlaxoSmithKline Cons. Healthcare, L.P. v. Meriz Pharm. Corp., 197 F. App'x 120, 123 n.1 (3d Cir. 2006) (quoting Ditri v. Coldwell Banker Residential Affiliates, Inc., 954 F.2d 869, 872 (3d Cir. 1992)), and it yet further appearing that a court may enforce a covenant not to compete if the covenant is limited to "'such territory and during such time as may be reasonably necessary' without imposing undue hardship," Athlete's Foot Mktg. Assocs. v. Zell Inv., Inc., No. Civ.A. 00-186, 2000 WL 426186, at *10 (W.D. Pa. Feb. 17, 2000) (quoting Hayes v. Altman, 225 A.2d 670, 672 (Pa. 1967)), and the court concluding

that plaintiffs have terminated their franchise agreements with defendants,[3] that

defendants have continued to operate pizza delivery and carry-out restaurants at

the sites of the MTD franchises, (Doc. 1 ¶¶ 61-65), and that defendants have offered

products for sale using plaintiffs' trademarks and logos, (id.; Doc. 1, Exs. O-P), and

the court further concluding that defendants have continued to utilize plaintiff's

Operating Manual and telephone numbers following termination of the franchise

agreements,[4] (Doc. 1 ¶¶ 66-67; Doc. 1, Exs. Q-R), that defendants—despite continued

use of plaintiffs' trade insignias—have begun identifying their businesses using the

trade name *Dominic's* Pizza, (Doc. 1 ¶¶ 63, 67), and that on at least one occasion a

customer purchased products from defendants with the belief that the customer

was patronizing a Domino's Pizza franchise, (Doc. 10, Ex. A), and the court finding

(for the purposes of the instant motion) that the covenants not to compete are

necessary to protect plaintiffs' goodwill, customer lists, operations manuals, and

other trade secrets, and that the ten-mile, one-year limits on the covenants are

reasonable in duration and geographic scope, see, e.g., Intermetro Indus. Corp. v.

Kent, No. 3:CV-07-0075, 2007 WL 1140637, at *7 (M.D. Pa. Apr. 17, 2007) (concluding

---

[3]MTD filed a petition in bankruptcy on March 18, 2009. (See Doc. 1 in In re Making the Dough, Inc., No. 1:09-BK-1944 (Bankr. M.D. Pa.)  The bankruptcy court found that that "the Franchise Agreements were effectively terminated as of August 11[, 2008]." (See Doc. 2, Ex. 1 at 7.)

[4]Defendants terminated the franchise agreement on August 11, 2008 but stayed enforcement of the termination provisions thereof until March 18, 2009 to enable defendants to sell the franchises. (Doc. 1, Exs. F, G, I, M.)  Hence, defendants' performance of their termination obligations became due on March 18, 2009.

that a restrictive covenant with a duration of one year was reasonable); <u>Athlete's</u>

<u>Foot Mktg. Assoc.</u>, 2000 WL 426186, at 10-11 (same); <u>Rita's Water Ice Franchise</u>

<u>Corp. v. DBI Inv. Corp.</u>, No. Civ.A. 96-306, 1996 WL 165518, at *4 (E.D. Pa. Apr. 8,

1996) (same with respect to eighteen-month covenant), and the court further finding

that defendants' conduct is likely to damage plaintiff's goodwill because it has

resulted in customer confusion and because defendants have deprived plaintiffs of

the ability to monitor the quality of products sold using their trademarks, <u>see</u> <u>A&H</u>

<u>Sportswear, Inc. v. Victoria's Secret Stores, Inc.</u>, 237 F.3d 198, 211-12 (3d Cir. 2000)

(stating that a plaintiff may establish consumer confusion thorough, *inter alia*,

similarity of two marks, similarly of the products sold using the marks, and actual

instances of confusion); <u>S&R Corp. v. Jiffy Lube Int'l, Inc.</u>, 968 F.2d 371, 375 (3d Cir.

1992), and that plaintiffs are likely to suffer irreparable harm during the pendency

of this matter if these practices are not enjoined because injury to reputation and

goodwill is not redressable through money damages, <u>see</u> <u>Pappan Enters., Inc. v.</u>

<u>Hardee's Food Sys., Inc.</u>, 143 F.3d 800, 805 (3d Cir. 1998), and the court holding that

the balance of equities favors issuance of a temporary restraining order because

plaintiffs are likely to suffer significant damage to goodwill in the absence of an

injunction whereas issuance thereof will merely prevent defendants from operating

a business that has had difficulty generating profit, and that the public interest

favors issuance of an injunction to prevent further customer confusion and to

protect plaintiffs' intellectual property rights during the pendency of this matter,

<u>Opticians Ass'n of Am., v. Indep. Opticians of Am.</u>, 920 F.2d 187, 197 (3d Cir. 1990), it is hereby ORDERED that:

1. The motion for a temporary restraining order (Doc. 2) is GRANTED.

2. Defendants Making the Dough, Inc. and Wayne C. Crecelius are ENJOINED from performing any of the following actions:

   a. Directly or indirectly using or infringing upon the protected trademarks of plaintiffs Domino's Pizza Franchising LLC and Domino's IP Holder LLC.

   b. Engaging in any acts or activities directly or indirectly calculated to trade upon plaintiffs' protected trademarks or upon plaintiffs' reputation and goodwill, or which in any manner competes with plaintiffs in violation of the Franchise Agreements and Covenants of Owners (Doc. 1, Exs. C, J).

   c. Using or disclosing in any manner any of plaintiffs' trade secrets and/or proprietary and/or confidential materials that defendants have in their possession.

   d. Violating the covenants not to compete contained in § 20.2 of the Franchise Agreements and Covenants of Owners (Doc. 1, Exs. C, J). Defendants are specifically enjoined from operating a carry-out or delivery pizza business at the following locations:

      i. 2 West Allen Street, Mechanicsburg, Pennsylvania, 17055.

      ii. 200 South Spring Garden Street, Carlisle, Pennsylvania, 17013.

      iii. Any site within a ten-mile radius of the locations identified in Paragraphs 2.d.i and 2.d.ii.

   e. <u>Performing any activity prohibited by Paragraphs 2.a-2.d through an officer, agent, servant, employee, attorney, or any other person acting in concert or in participation with defendants.</u>

3.      Plaintiffs shall post security in the amount of $15,000 to pay costs or damages sustained by any party subsequently found to have been improvidently enjoined.  <u>See</u> FED. R. CIV. P. 65(c).  The provisions of Paragraph 2 shall not become effective until plaintiffs post this security with the Clerk of Court.

4.      Plaintiffs shall bear responsibility for effectuating service of this order in accordance with the Federal Rules of Civil Procedure and applicable law.  This order shall be binding only upon those individuals who receive actual notice of it via personal service or otherwise.  <u>See</u> FED. R. CIV. P. 65(d)(1).

5.      Plaintiffs shall be permitted to file a motion for a preliminary injunction on or before Friday, April 17, 2009.  The motion shall be accompanied by a simultaneously filed brief in support thereof.  Defendants shall file a brief in opposition to the motion on or before noon on Wednesday, April 22, 2009.  No reply brief shall be permitted.

6.      Trial on the merits shall be consolidated with the preliminary injunction hearing.  <u>See</u> FED. R. CIV. P. 65(a)(2).  Trial shall commence at **9:30 a.m. on Thursday, April 23, 2009** in Courtroom No. 2, Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania.  **All counsel are advised that they are attached for trial on April 23, 2009.**

7.      The provisions of this order shall EXPIRE at 11:59 p.m. on Wednesday, April 29, 2009 unless the court extends it in accordance with Rule 65 of the Federal Rules of Civil Procedure.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge