IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINO'S PIZZA FRANCHISING LLC, and DOMINO'S IP HOLDER LLC : <br><br> Plaintiffs, <br><br> vs. <br><br> MAKING THE DOUGH, INC., and WAYNE C. CRECELIUS <br><br> Defendants. | CIVIL ACTION <br> NO. 1:09-CV-0661 <br><br> JUDGE CONNER <br><br> FILED <br> HARRISBURG, PA <br><br> MAY 28 2009 <br><br> MARY E. D'ANDREA, CLERK <br> Per_____ <br> Deputy Clerk |

## ORDER AND JUDGMENT

The Plaintiffs, Domino's Pizza Franchising LLC and Domino's IP Holder LLC (collectively, "Domino's Pizza"), having filed a verified complaint dated April 9, 2009 against Defendants, Making the Dough, Inc. ("MTD") and Wayne C. Crecelius (collectively, the "Defendants"), for claims of trademark infringement under Section 32 of the Lanham Act (15 U.S.C. § 1051, et seq.) (Count One), unfair competition, false advertising, and false designation of origin in violation of Section 43 of the Lanham Act (15 U.S.C. §1125(a)) (Count Two), common law unfair competition and unfair competition (Count Three), breach of contract (Counts Four and Five), and violation of the Pennsylvania Uniform Trade Secrets Act (12 P.S. § 5301 et seq.) (Count Five); and

This Court having granted Domino's Pizza's Motion for a Temporary Restraining Order on April 15, 2009; and

This Court having scheduled a consolidated trial on the merits and hearing on Domino's Pizza's Motion for a Preliminary Injunction for April 23, 2009, and subsequently continued such trial to April 27, 2009; and

The case having progressed to the present time; and

The parties having agreed to resolve this case by the entry of a stipulated judgment as provided herein without proceeding through a trial.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED that the Defendants are liable for the following:

(a) the intentional, willful, and malicious infringement of Domino's Pizza Marks (as defined in the Verified Complaint) under Section 32 of the Lanham Act (15 U.S.C. §1114);

(b) the intentional, willful, and malicious acts of unfair competition, false advertising, and false designation of origin in violation of Section 43 of the Lanham Act (15 U.S.C. §1125(a));

(c) the intentional, willful, and malicious misappropriation of Domino's Pizza's trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act (12 P.S. § 5301, et seq.);

(d) the intentional, willful, and malicious acts of unfair competition in violation of Pennsylvania common law by, among other things, deceptively passing off its own products, goods, and services as those of Domino's Pizza; and

(e) the breach of various sections of the Franchise Agreements (as defined in the Verified Complaint), including, but not limited to, Sections 6.1, 13.1, 15.2, 18.2.2, 18.3, 20.2, and 22.2;

It is FURTHER ORDERED, ADJUDGED, AND DECREED that a judgment shall enter in favor of Domino's Pizza against the Defendants, jointly and severally, in the amount of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($125,000.00);

AND it is FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants, including their officers, agents, servants, employees and attorneys, as well as any other persons, including PAAC, LLC and Wendy Crecelius, who are in active concert or participation with the Defendants, their officers, agents, servants, employees and attorneys, are hereby permanently enjoined from contributing to, causing, and/or abetting any of the following actions:

(a) directly or indirectly using or infringing upon any trademarks, trade names or service marks owned by Domino's Pizza; and

(b)   using the trademarks "DOMINIC'S PIZZA" or any similar trademarks, in connection with the advertisement, promotion, and sale of any goods or services provided by the Defendants; and

(c)   engaging in any acts or activities directly or indirectly calculated to trade upon Domino's Pizza's trademarks or the reputation and goodwill of Domino's Pizza, or which in any manner compete unfairly with Domino's Pizza;

(d)   using or disclosing in any manner any of Domino's Pizza's trade secrets and/or proprietary and/or confidential materials which the Defendants have in their possession, including, without limitation, the Domino's PULSE software; and

(e)   violating the covenant not to compete contained in Section 20.2 of the Franchise Agreements by operating a carry-out or delivery pizza business for a one year period from the date of the entry of this Order at 2 West Allen Street, Mechanicsburg, PA 17055 and 200 S. Spring Garden Street, Carlisle, PA 17013, or within a ten mile radius of 2 West Allen Street, Mechanicsburg, PA 17055 and 200 S. Spring Garden Street, Carlisle, PA 17013;

AND it is FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants, including their officers, agents, servants, employees and attorneys, as

well as any other persons, including PAAC, LLC and Wendy Crecelius, who are in active concert or participation with the Defendants, their officers, agents, servants, employees and attorneys, shall comply with all of the post-termination obligations under the Franchise Agreements, including, but not limited to, doing the following within three (3) business days of the entry of this order:

(a) return the Operating Manual (as defined in the Franchise Agreements, and also known as the "Manager's Reference Guide") and Customer Lists (as defined in the Franchise Agreements), as well as originals and copies of any documents, forms, computer disks, specifications, and printouts in their possession, custody, or control that contain information regarding any other of Domino's Pizza's confidential, proprietary, or trade secret information;

(b) cancel all assumed name or equivalent registrations relating to the use of any Mark (as defined in the Franchise Agreements); and

(c) notify the telephone company, postal service, and all listing agencies in writing of the termination or expiration of Defendants' right to use all telephone numbers, post office boxes, and all classified and other directory listings relating to the former franchises, and authorizing in writing the transfer of these to Domino's Pizza or its designee by, among other things, executing a telephone transfer authorization form, as required by Domino's Pizza, for the telephone numbers used in connection with the operation of the former stores under the Franchise Agreements;

AND it is FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants, including their officers, agents, servants, employees and attorneys, as well as any other persons, including PAAC, LLC and Wendy Crecelius, who are in active concert or participation with the Defendants, their officers, agents, servants, employees and attorneys, deliver to this Court, within seven (7) days of the entry

of this Order, a certification of the Court that they have (i) searched for and turned over, pursuant to the terms of this Order, all originals and all copies of documents, forms, computer disks, specifications, and printouts containing information regarding Domino's Pizza's confidential, proprietary, or trade secret information, including the Domino's PULSE software, the Operating Manuals (also known as the "Manager's Reference Guide") and Customer Lists, and (ii) fully complied with the post-termination obligations in accordance with the terms of this Order;

AND it is FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction to enforce this Judgment.

SO ORDERED this 28th day of May, 2009.

                                            S/ Christopher C. Conner
                                            CHRISTOPHER C. CONNER
                                            United States District Judge